## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 308-09966 |
| SFW ENTERPRISES NASHVILLE, INC. | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) |
| DDR SAU NASHVILLE WILLOWBROOK, LLC, | ) ADV. NO. 311-0511A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| R&M IMAGES, INC., d/b/a CICI'S PIZZA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon DDR SAU Nashville Willowbrook, LLC's (hereinafter "Plaintiff" or "Landlord") motion for partial summary judgment. Specifically, the Plaintiff asserts, as a matter of law, that it is entitled to possession of property located at 61 East Thompson Lane, Nashville, Tennessee, and that R&M Images, Inc. (hereinafter

"Defendant" or "R&M") is not entitled to any damages. The Court finds that the motion should be denied.

### I. STIPULATED FACTS

The following facts were stipulated in the parties' joint pre-trial statement:

1. R&M completed its purchase of the franchise and certain personal property used to operate a CiCi's Pizza restaurant from the Debtor on November 18, 2010. It did not get an assignment of a lease as was originally contemplated.

2. R&M operated the CiCi's restaurant at the real property at 61 East Thompson Lane, Nashville, Tennessee (the "Property") at least from December 1, 2009 until the present.

3. Subsequent to November 18, 2010, R&M had no further obligation to Debtor, SFW Enterprises Nashville, Inc., and the operations of R&M at the Property are completely separate from the bankruptcy estate.

4. The main bankruptcy case was dismissed on May 26, 2011.

5. The Landlord is the owner of the real property at 61 East Thompson Lane, Nashville, Tennessee.

6. R&M does not have (and has never had) a lease agreement with the Landlord.

7. R&M did not assume any lease agreement under § 365 for the Property, either from the Debtor or any other party.

8. R&M tendered to the Landlord rent for part of February 2011 and all of March 2011. The rent check was for Eight Thousand Eight Hundred Dollars ($8,800.00) and was dated March 1, 2011.

9. Other than the tender of the rent referenced above, the Landlord has not received any rent or compensation for the use of the Property since prior to January 2010.

## II. SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## III. DISCUSSION

Even with the stipulated facts set forth above, the Court finds that there are issues that must be tried, and therefore, summary judgment is not appropriate. In particular, the issues of mutual mistake, laches, and equitable estoppel all necessitate proof. Until these issues are decided, whether or not the Defendant is entitled to damages cannot be determined.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Plaintiff's motion for partial summary judgment should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page**